W. D. BRENT v. THE STATE.

No. 16145. Delivered January 3, 1934.
Rehearing Denied February 14, 1934.
Reported in 67 S. W. (2d) 869.

The opinion states the case.

**316**

W. H. Scott, J. L. Webb, and Jno. O. Douglas, all of Houston, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for two years.

The indictment appears regular and regularly presented. The subject of the alleged assault is Frank Bond.

The evidence heard upon the trial is not before this court. No irregularities in the proceedings have been perceived. No fault has been observed or pointed out in the charge of the court. The special charges requested by the appellant were given.

The motion for new trial presents no matter that would justify discussion in the absence of a statement of facts. The same remark is applicable to the exceptions to the court's main charge.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains of our opinion affirming this case, and calls attention to what he thinks is a serious error in the charge, to which an exception was taken. The charge has been again considered in the light of appellant's exception, but we are not led to believe same presents any reversible error. The charge complained of is as follows: "If you believe, or have a reasonable doubt thereof, that the defendant believed the injured party, Frank Bond, was in the act of committing the offense of robbery and that to prevent the commission of such act defendant assaulted the said Bond and in said assault the defendant's pistol was discharged, but you have a reasonable doubt as to whether the pistol was discharged accidentally or not, then you will acquit the defendant."

Having before us no statement of facts, we are not able to say that this charge was not an exact presentation of a defensive theory supported by testimony. If in fact it was shown that appellant believed,—or if he claimed to have believed,—that Frank Bond was about to commit the offense of robbery, and, in an effort to prevent said robbery, a pistol in possession of appellant was accidentally discharged and Bond was shot thereby, and appellant relied either upon his effort to prevent the robbery, or upon the accidental discharge of his pistol, or both, as exculpating him from criminality for what he did, the court might properly have presented what is the substance of

this charge. It does not appear to be very artistically drawn, but we are not prepared to say it presents such fundamental error as would call for this court to reverse this case upon complaint thereof, in the absence of the facts.

The motion for rehearing will be overruled.

*Overruled.*